UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL TAYLOR,

    Petitioner,

v.

SUPERIOR COURT OF NEW JERSEY, et al.,

    Respondents.

Civ. No. 13-5010 (RBK)

**OPINION**

**<u>ROBERT B. KUGLER, U.S.D.J.</u>**

## I.    INTRODUCTION

Petitioner is a state inmate currently incarcerated at the South Woods State Prison in Bridgeton, New Jersey. He has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The petition alleges that petitioner's constitutional rights were violated during

---

[1] Section 2241 states in relevant part:

  (a)    Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions . . .
  (c)    The writ of habeas corpus shall not extend to a prisoner unless –
        (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
        (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
        (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
        (4) He being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
        (5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(a) & (c).

the course of a civil suit he filed in the New Jersey Superior Court, Cape May County, whereby petitioner alleged a tortious breach of contract claim. For the following reasons, the habeas petition will be summarily dismissed without prejudice due to a lack of jurisdiction.

## II. BACKGROUND

Petitioner states that he filed a civil suit in the New Jersey Superior Court which asserted a tortious breach of contract claim. He claims that he "served the defendant to the civil suit with the summons and complaint, along with a notice of motion to dismiss the defense of failure to state a claim." (Dkt. No. 1 at p. 1.) He then states that the Superior Court denied his motion without oral argument. Furthermore, the Superior Court subsequently granted defendant's motion to dismiss for failure to state a claim. Petitioner claims that he can avail himself of the option of setting aside the Superior Court's order due to fraud upon the court, "but on several occasions the Superior Court for Cape May County has refused to file the [p]etitioner's applications to proceed in forma pauperis." (*Id.*) Furthermore, petitioner states that the Superior Court violated his due process rights by denying his applications to proceed *in forma pauperis* in his other efforts to commence civil suits. Petitioner demands that a writ of habeas corpus issue so that his custody can be "inquired into," and that he "be released from custody." (*See id.* at p. 2.)

## III. STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("[W]e construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

## IV. DISCUSSION

As stated in *supra* note 1, a prisoner who alleges that "he is in custody in violation of the Constitution or laws or treaties of the United States" can bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(c)(3). The general rule permits a prisoner to receive habeas relief where he "seek[s]s to invalidate the duration of [his] confinement – either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *See Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005). Additionally, a prisoner who is challenging not the validity but the execution of his sentence "must pursue relief in a federal habeas corpus petition pursuant to 28 U.S.C. § 2241." *United States v. Gorham-Bey*, 523 F. App'x 168 (3d Cir. 2013) (per curiam) (citing *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001)).

The petitioner in this case is not challenging his state conviction, the fact or duration of his confinement or the execution of his sentence. Instead, he is asserting that his due process rights were violated as a result of state court decisions in his civil suits he filed in state court.

3

Petitioner's action is one that should be raised in a civil rights complaint pursuant to 42 U.S.C. § 1983 as opposed to this habeas action. The United States Court of Appeals for the Third Circuit has explained the difference between a habeas action and a § 1983 action as follows:

> "The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 HARV. L. REV. 1551, 1553 (2001). Section 1983, in contrast, provides for liability on the part of any state actor who "subjects or cause to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. It has been described as a "species of tort liability." *Smith v. Holtz*, 87 F.3d 108, 111 (3d Cir. 1996) (discussing *Heck v. Humphrey*, 512 U.S. 477 (1994)).

*Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). "[I]f a judgment in a prisoner's favor would not affect the fact or duration of the prisoner's incarceration, habeas relief is unavailable and a civil complaint is the appropriate form of remedy." *Simms v. Shartle*, No. 12-5012, 2012 WL 4506390, at *2 (D.N.J. Sept. 28, 2012) (citing *Ganim v. Fed. Bureau of Prisons*, 235 F. App'x 882 (3d Cir. 2007)).

Plaintiff's claims assert that the state court violated his due process rights through its decisions (or lack thereof) in petitioner's civil proceedings in state court. Any judgment that this Court could issue in this habeas action would not affect the fact or duration of petitioner's state criminal incarceration. A civil complaint, as opposed to the instant habeas action, is the appropriate form of remedy as the claims raised in the habeas petition do not spell a speedier release for petitioner. *Accord Bonadonna v. United States*, 446 F. App'x 407, 408-09 (3d Cir. 2011) (per curiam) (affirming dismissal of habeas petition for lack of jurisdiction as allegation of

4

deficient medical care did not spell a speedier release to petitioner and therefore did not lie at "the core of habeas corpus") (citations omitted). Accordingly, this Court lacks jurisdiction over the instant habeas petition and it will be dismissed without prejudice to any right petitioner may elect to raise in a civil rights complaint.

## V.     CONCLUSION

For the foregoing reasons, the habeas petition will be summarily dismissed without prejudice due to a lack of jurisdiction. An appropriate order will be entered.


DATED:   October 22, 2013

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge